

**IN THE UNTIED SATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

**FILED**

J.N

FEB 2 7 2009

Feb 27. 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Targin Sign Systems, Inc. (an Illinois Corporation)  )
                                                      )
            Plaintiff,                                )
                                                      )
     vs.                                              )
                                                      )
Xdata Solutions, inc., (an Indiana Corporation)       )
                                                      )
            Defendant                                 )

09cv1266
JUDGE KENDALL    09cv 1266
MAG. JUDGE COX

## PETITION FOR REMOVAL

*CIRCUIT COURT OF COOK COUNTY, ILLINOIS*
*COUNTY DEPARTMENT, CHANCERY DIVISION*
     *Case No: 09 CH 03606*

Now come the Defendant, Per Se, and petitioned the Northern Illinois District Federal Court for removal on the following grounds:

### Preliminary Statement

The Defendant has made known to the Plaintiff that the Defendant is a pauper without the financial resources to defend itself from a Class action suit or the resources to pay Class Action Damages. Xdata solutions in a small software development company employing 4 full-time employees in a small office in South Bend, Indiana.

We were served that attached papers on January 30, 2009 and discovered that we were the named Defendant in a Class Action Suit. The suit alleges that we knowingly and willingly violated the Federal TCPA. We were not familiar with the Federal TCPA act, so we looked on the internet and learned that a law not known to most small business exists and the internet specifically warns of a "cottage industry" that exists in ILLINOIS COOK COUNTY COURTS.

Story after story sights example of attorneys filing class action suits with little merit ...founded in speculation and generalizations. A Google search finds even European companies warning each other about the Cook County Court System and the way Class Action suits are handled. We pray for removal on the following grounds:

1. whether the class action has been pled in a manner that seeks to avoid federal jurisdiction;

   A cursory review of the complaint reveals that it was written to avoid federal Court.

2. Whether one or more similar class actions have been filed during the three-year period prior to the class action being filed. The following list is only TCPA cases in Illinois during the last three years. Most are Cook County and nearly all are class action. The attorney file class action cases without any justification of numerousity and the judges approve them. The attorney converts the Federal law claim into duplicated state laws and seeks damages beyond the specifications of the TCPA act. Furthermore, since they are files as class action suits the Defendant is forced to pay unreasonable attorney fees and added damages to the single Defendant who is awarded additional money for baring the costs of the suit ....so the Cook county court awards them $10,000 instead of the $500 maximum stipulated in the Feral TCPA law.

   a. Am. Home Assurance Co. v. Mcleod USA, Inc., 2007 TCPA Rep. 1526 (2007) (Insured's motion for partial summary judgment ion duty to defend granted.)
   b. Am. Home Assurance Co. v. Mcleod Usa, Inc., 2006 TCPA Rep. 1496 (2006) (MSJ granted to Pltf.)
   c. Auto-Owners Ins. Co. v. Websolv Computing, Inc., 2007 TCPA Rep. 1575 (2007) (Insured's MSJ granted on duty to defend.)
   d. Ballard Nursing Center, Inc. v. All Pro Ele., Inc., 2008 TCPA Rep. 1857 (2008) (Motion to dismiss denied.Class certification granted.)
   e. Ballard Nursing Ctr., Inc. v. GF Health Prod., Inc., 2007 TCPA Rep. 1757 (2007) (Remand granted.)
   f. Benedia v. Super Fair Cellular, Inc., 2007 TCPA Rep. 1692 (2007) (Motion to dismiss on statute of limitations denied.)
   g. Brill v. Becktold Ent., Inc., 2006 TCPA Rep. 1494 (2006) (MTD denied)
   h. Brill v. Becktold Enters., Inc., 2009 TCPA Rep. 1856 (2009) (Class certification granted.)
   i. Brill v. Countrywide Home Loans, Inc., 2005 TCPA Rep. 1389 (2005) (Reversal)
   j. Brill v. Countrywide Home Loans, Inc., 2005 TCPA Rep. 1607 (2005) (Plaintiff's motion for remand granted.)

- 2

k. Business Pro Commc'n, Inc. v. Express Products, Inc., 2008 TCPA Rep. 1791 (2008) (Motion to remand granted.)

l. C.E. Designs v. Kallman Worldwide, Inc., 2006 TCPA Rep. 1524 (2006) (order denying remand)

m. CE Design v. Beaty Constr., Inc., 2009 TCPA Rep. 1855 (2009) (Class certification granted.)

n. CE Design v. Omni Facade, 2006 TCPA Rep. 1425 (2006) (Defendant's motion to dismiss and deny class certification denied.)

o. CE Design, Ltd. v. Federal Schedules, Inc., 2006 TCPA Rep. 1721 (2006) (Insurer's motion to intervene denied.)

p. CE Design, Ltd. v. Mortg. Exch., Inc., 2007 TCPA Rep. 1621 (2007) (Appeal of denial of class certification dismissed as out of time.)

q. Rep. 1364 (2004) (Class certification granted.)

r. Centerline Equip. Corp. v. Banner Personnel Serv., Inc., 2008 TCPA Rep. 1775 (2008) (Motion to dismiss denied.)

s. Cohen & Malad, P.C. v. USMoney Source, Inc., 2006 TCPA Rep. 1802 (2006) (Motion for class certification granted.)

t. Country Mut. Ins. Co. v. Cell Net, Inc., 2007 TCPA Rep. 1689 (2007) (Reversed and remanded.)

u. Damas v. Ergotron, Inc., 2006 TCPA Rep. 1722 (2006) (Plaintiff's motion for summary judgment granted.)

v. Eclipse Manuf. Co. v. M and M Rental Center, Inc., 2006 TCPA Rep. 1466 (2006) (order denying MTD)

w. Eclipse Manuf. Co. v. M and M Rental Center, Inc., 2007 TCPA Rep. 1554 (2007) (Motion to dismiss denied.)

x. Eclipse Manuf. Co. v. M and M Rental Center, Inc., 2007 TCPA Rep. 1588 (2007) (Motion to strike denied.)

y. Eclipse Manuf. Co. v. M and M Rental Ctr., Inc., 2007 TCPA Rep. 1543 (2007) (Defendant's motion to strike denied.)

z. Eclipse Manuf. Co. v. U. S. Compliance Co., 2006 TCPA Rep. 1638 (2006) (Remand granted in post-judgment third-part action against insurer.)

aa. Eclipse Manuf. Co. v. U. S. Compliance Co., 2007 TCPA Rep. 1730 (2007) (Affirmed)

bb. First Capital Mortg. Corp. v. Union Federal Bank of Indianapolis., 2007 TCPA Rep. 1563 (2007) (Reversed and remanded)

cc. Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, 2007 TCPA Rep. 1726 (2007) (Motion to dismiss denied.)

dd. Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc., 2007 TCPA Rep. 1557 (2007) (Motion to dismiss granted and motion to transfer venue denied.)

ee. G.M. Sign, Inc. v. Franklin Bank, S.S.B., 2006 TCPA Rep. 1595 (2006) (Motion to file third-party complaint granted.)

ff. G.M. Sign, Inc. v. Franklin Bank, S.S.B., 2006 TCPA Rep. 1659 (2006) (Remand denied, motion to dismiss header violations count granted.)

gg. G.M. Sign, Inc. v. Franklin Bank, S.S.B., 2007 TCPA Rep. 1737 (2007) (Class certification denied.)

hh. G.M. Sign, Inc. v. Franklin Bank, S.S.B., 2008 TCPA Rep. 1799 (2008) (Motion for class certification denied.)

ii. G.M. Sign, Inc. v. Franklin Bank, S.S.B., 2008 TCPA Rep. 1820 (2008) (Class certification granted.)

jj. G.M. Sign, Inc. v. Global Shop Solutions, Inc., 2006 TCPA Rep. 1471 (2006) (Remand granted)

kk. GBL Assoc. v. Staples, Inc., 2004 TCPA Rep. 1535 (2004) (Motion for legal determination granted.)

ll. Gans v. Seventeen Motors, Inc., 2002 TCPA Rep. 1144 (2002) (order granting class cert [settlement class])

mm. Hinman v. M & M Rental Center, Inc., 2008 TCPA Rep. 1785 (2008) (Motion for class certification granted.)

nn. Hinman v. M & M Rental Center, Inc., 2009 TCPA Rep. 1861 (2009) (Motions for summary judgment granted and part and denied in part.)

oo. Holtzman v. Caplice, 2008 TCPA Rep. 1796 (2008) (Motion to dismiss denied.)

pp. Holtzman v. Turza, 2008 TCPA Rep. 1798 (2008) (Motion to dismiss denied.)

qq. Hoppe v. Great Western Bus. Servs, LLC, 2008 TCPA Rep. 1783 (2008) (Motion to enforce settlement denied.)

rr. Indiana Ins. Co. v. Matrix LS, Inc., 2007 TCPA Rep. 1738 (2007) (Motion to dismiss counterclaim granted.)

ss. Italia Foods, Inc. v. Marinov Ent., Inc., 2007 TCPA Rep. 1728 (2007) (Motion to dismiss on constitutional grounds denied)

tt. Locklear Ele. v. Matrix Lead Source, Inc., 2006 TCPA Rep. 1525 (2006) (order denying remand)

uu. Locklear Elec. v. My Overhead Corp., 2007 TCPA Rep. 1729 (2007) (Sua sponte order directing plaintiff to file motion for remand.)

vv. MAFS, Inc., of Ill. v. Marcus & Millichap, 2009 TCPA Rep. 1859 (2009) (Motion to dismiss denied.)

ww. Maximum Indem. Co. v. Global Gear Sales Co., 2008 TCPA Rep. 1794 (2008) (Insured's motion for summary judgment granted on duty to defend.)

xx. Maxum Indem. Co. Sec. Ins. Co. of Hartford v. Eclipse Mfg. Co., 2008 TCPA Rep. 1838 (2008) (Petition to intervene granted.)

yy. Maxum Indem. Co. vs. Global Gear Sales Co., 2007 TCPA Rep. 1649 (2007) (Magistrate recommendation that stay be denied.)

zz. Meridian Sec. Ins. Co. v. Sadowski, 2006 TCPA Rep. 1459 (2006) (vacated and remanded)

aaa. New Century Mortg. Corp. v. Great Northern Inc. Co., 2006 TCPA Rep. 1479 (2006) (Cross MSJs denied.)

bbb. Overlord Ent., Inc. v. Wheaton-Winfield Dental Assocs., Ltd., 2006 TCPA Rep. 1718 (2006) (Class certification granted.)

ccc. Pastry Partners, Inc. v. Ticket Heaven, Inc., 2006 TCPA Rep. 1717 (2006) (Judgment in favor of plaintiff.)

ddd. Phillips Randolph Ent., LLC v. Adler-Weiner Research Chicago, Inc., 2007 TCPA Rep. 1590 (2007) (Defendant's motion to dismiss granted.)

eee. Phillips Randolph Ent., LLC v. Rice Fields, 2007 TCPA Rep. 1517 (2007) (Motion to dismiss denied.)

fff. Pintas v. Bebon Office Machines Co., 2007 TCPA Rep. 1683 (2007) (Motion to strike class allegations denied.)

ggg. Pollack v. Cunningham Fin. Group, LLC, 2008 TCPA Rep. 1837 (2008) (Motion to dismiss denied.)

hhh. Pollack v. Fitness Innovative Techs., LLC, 2009 TCPA Rep. 1858 (2009) ()

iii. R. Rudnick & Co. v. G.F. Protection, Inc., 2009 TCPA Rep. 1852 (2009) ()

jjj. Rossario's Fine Jewelry, Inc. v. Jurgens Fine Jewelry, Inc., 2007 TCPA Rep. 1720 (2007) (Motion to dismiss denied.)

kkk. Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc., 2007 TCPA Rep. 1578 (2007) (Defendants motion of summary judgment granted.)

lll. Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc., 2006 TCPA Rep. 1599 (2006) (Motion to dismiss common law and state law claims granted.)

mmm. Sadowski v. Med1 Online, LLC, 2008 TCPA Rep. 1773 (2008) (Motions to strike, to dismiss, and for class certification denied.)

nnn. Sadowski v. Med1 Online, LLC, 2008 TCPA Rep. 1793 (2008) (Motion for class certification granted)

ooo. Sadowski v. OCO Biometical, Inc., 2008 TCPA Rep. 1845 (2008) (Motion to dismiss denied.)

ppp. Saf-T-Gard Int'l, Inc. v. Wagener Equities, Inc., 2008 TCPA Rep. 1810 (2008) (Motion for class certification denied.)

qqq. Shen v. Distributive Networks, 2007 TCPA Rep. 1676 (2007) (Final order and judgment in settlement class.)

rrr. Shen v. Distributive Networks, LLC, 2007 TCPA Rep. 1519 (2007) (Order granting preliminary approval of class settlement.)

sss. St. Paul Fire and Marine Ins. Co. v. Brother Intern. Corp., 2006 TCPA Rep. 1601 (2006) (Motion to transfer granted.)

ttt. St. Paul Fire and Marine Ins. Co. v. Franklin Bank, S.S.B., 2006 TCPA Rep. 1592 (2006) (Transfer of venue sought by insured granted.)

uuu. Telecom. Network Design, Inc. v. Paradise Distrib., Inc., 2006 TCPA Rep. 1433 (2006) (order certifying settlement class)

vvv. Telecom. Network Design, Inc. v. Paradise Distrib., Inc., 2007 TCPA Rep. 1564 (2007) (Insurer's motion to intervene denied.)

www. ider)

xxx. Transp. Ins. Co., v. Striker Sec., Inc., 2007 TCPA Rep. 1544 (2007) (Affirmed in part and reversed in part.)

yyy. Travel 100 Group v. Empire Cooler Servs., Inc., 2006 TCPA Rep. 1482 (2006) (Cross motions for summary judgment denied.)

zzz. Travel 100 Group, Inc. v. Mediterranean Shipping Co., (USA), Inc., 2008 TCPA Rep. 1792 (2008) (Affirmed.)

aaaa.

bbbb. Valley Forge Ins. Co. v. Swiderski Ele., Inc., 2006 TCPA Rep. 1499 (2006) (affirmed)

cccc. West Washington Bldg., LLC v. Body Wise Int'l, Inc., 2007 TCPA Rep. 1686 (2007) (Class certification granted.)

dddd. Western Ry. Devices Corp. v. Lusida Rubber Prods., Inc., 2006 TCPA Rep. 1481 (2006) (MTD granted in part and denied in part.)

eeee. Whiting Corp. v. Goindustry, 2005 TCPA Rep. 1719 (2005) (Motion to dismiss denied.)

ffff. Whiting Corp. v. JIT Human Resource Solutions, Inc., 2003 TCPA Rep. 1234 (2003) (order denying def. MTD re: Lutz)

gggg. Whiting Corp. v. MSI Mktg., Inc., 2003 TCPA Rep. 1141 (2003) (order denying def. MTD)

hhhh. Whiting Corp. v. MSI Mktg., Inc., 2003 TCPA Rep. 1232 (2003) (order denying def MTD based on McCarran-Ferguson Act)

- 5

iiii. **Whiting Corp. v. MSI Mktg., Inc.,** 2004 TCPA Rep. 1333 (2004) (Motion to dismiss denied.)

3. whether the claims asserted will be governed by the laws of the state in which the action was filed or by the laws of other states

> Cook county seems to have developed a home rule that assures out of state Defendants a wrongful and unethical outcome when reviewing the cases. Our little company will be forced to close our doors by a system that is out of control.

4. whether the number of citizens of the state in which the action was filed is a substantially larger portion than the class members from other states

> This is difficult for us to determine, but we think Illinois had fewer than any other states and we think there is only one violation in Illinois. We never had the fax number but were assured by an advertising company that they had permission to fax their list. We received no business from this one advertising attempt. It cost us $238 dollars ...and that was too much looking back now.

> Here is a summary of our need for Federal intervention. The federal TCPA law makes no exception for misdialed or misdirected faxed. All anyone needs to do is send one fax to Cook County by mistake, and they will be faced with a multi-millions dollars Class Action Suit.

> We seem unable to face a fair trial in Cook County. We believe that we may have accidentally made one violation of the TCPA act ...perhaps two. But if we admit to even one in Cook County ...we will face a damage award in the hundreds of thousands dollars or more. That is unreasonable and unwarranted. We didn't know about the TCPA law and still don't see how we became liable after hiring an advertising company to advertise one

- 6

time for us.  We checked their references and got nothing but good

reviews.


We pray that with the help of the Federal Court system, we can find a

fair and equitable resolution.


Please forgive any unprofessional errors in this petition. We simply

cannot afford and attorney and I have done the best I can.


Respectfully,


Reid Biberstine

Xdata solutions, inc,
129 Dixie Way South –Suite "A"
South Bend, IN  46637
Phone (574) -968-8115
sales@xdata,com

February 27, 2009

Reid Biberstine
Xdata solutions, inc.
129 Dixie Way South – Suite "A"
South Bend, IN 46637

- 7

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

Targin Sign Systems, Inc. (an Illinois Corporation)   )
                                          )
            Plaintiff,               )
                                          )
     vs.                             )
                                          ) **Case No: 09 CH 03606**
Xdata Solutions, inc., (an Indiana Corporation)    )
                                          )
            Defendant              )

## CERTIFICATE OF SERVICE

To:    Brian J Wanca
          Anderson and Wanca
          3701 Algonquin Road, Suite 760
          Rolling Meadows, IL 60008

I, the undersigned, state that on   2/27/09   2009, I served a true and complete copy of PETITION FOR REMOVAL on the parties listed above by US Mail, by depositing it in the US Mail at Gary, IN on this date, with proper postage prepaid to the address above.

                                        February 27, 2009

                                        Reid Biberstine
                                        Xdata solutions, inc.
                                        129 Dixie Way South – Suite "A"
                                        South Bend, IN 46637

- 1

Chancery Division Civil Cover Sheet                        (Rev. 1/16/08)  CCCH 0623

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

TARGIN SIGN SYSTEMS, INC.

                             **Plaintiff**

v.

XDATA SOLUTIONS, INC.

                             **Defendant**

No.

2009CH07696
CALENDAR/ROOM 05
TIME 00:00
Class Action

### CHANCERY DIVISION CIVIL COVER SHEET

    A Chancery Division Civil Cover Sheet shall be filed with the initial complaint in all actions filed in the Chancery Division.  The information contained herein is for Administrative purposes only and shall not be introduced into evidence.  Please check the box in front of the appropriate category which best characterizes your action being filed.

| | | |
|---|---|---|
| 005 | ☐ | Administrative Review |
| 001 | ☑ | Class Action |
| 002 | ☐ | Declaratory Judgment |
| 004 | ☐ | Injunction |
| 008 | ☐ | Mechanic's Lien |
| 003 | ☐ | Mortgage Foreclosure |
| 007 | ☐ | General Chancery |
| | ☐ | Accounting |
| | ☐ | Arbitration Awards |
| | ☐ | Certiorari |
| | ☐ | Dissolution of Corporation |
| | ☐ | Dissolution of Partnership |
| | ☐ | Equitable Lien |
| | ☐ | Interpleader |
| | ☐ | Mandamus |
| | ☐ | Ne Exeat |

| | |
|---|---|
| ☐ | Partition |
| ☐ | Quiet Title |
| ☐ | Quo Warranto |
| ☐ | Redemption Rights |
| ☐ | Reformation of a Contract |
| ☐ | Rescission of a Contract |
| ☐ | Specific Performance |
| ☐ | Trust Construction |
| ☐ | Other _____ |

Atty. No.: 51306

By: _Brian J. Wanca_      Attorney         Pro Se

Name: Brian J. Wanca @ Anderson+Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Rd. Suite 760

City/State/Zip: Rolling Meadows, IL 60008

Telephone: (847) 368-1500

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(8/01/08) CCG N001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
COUNTY DEPARTMENT, CHANCERY DIVISION

No. _____

TARGIN SIGN SYSTEMS, INC.

**(Name all parties)**

v.

XDATA SOLUTIONS, INC.

Serve: Charles L. Gaby
25416 C. R. 6
Ste 202
Elkhart, IN 46514

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room **802** , Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306

Name: Brian J. Wanca @ Anderson+Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Rd. Suite 760

City/State/Zip: Rolling Meadows, IL 60008

Telephone: (847) 368-1500

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____,

DOROTHY BROWN JAN 2 8 2009

**Clerk of Court**

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

TARGIN SIGN SYTEMS, INC., an Illinois )
corporation, individually and as the representative of )
a class of similarly-situated persons, )
                              )
              Plaintiff, )
                              )    No.
        v. )
                              )
XDATA SOLUTIONS, INC., )
                              )
              Defendant. )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, TARGIN SIGN SYTEMS, INC., by its attorneys, Anderson & Wanca and Bock

& Hatch, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to certify for

class action treatment the following classes, as described in Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendant did not have an established business relationship.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendant did not have an established business relationship.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendant did not have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, TARGIN SIGN SYTEMS, INC., prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

TARGIN SIGN SYTEMS, INC., individually and as the representative for a class of similarly-situated persons

By: _Brian JWanca_

One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
Attorney No. 51306

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle St., #1000
Chicago, IL 60602
Telephone: (312) 658-5500
Fax: (312) 658-5555
Attorney No. 44533

2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

TARGIN SIGN SYSTEMS, INC., an Illinois      )
corporation, individually and as the representative of   )
a class of similarly-situated persons,       )
                                             )
                          Plaintiff,         )
                                             )      No.
            v.                               )
                                             )
XDATA SOLUTIONS, INC.,                       )
                                             )
                          Defendant.         )

## CLASS ACTION COMPLAINT

Plaintiff, TARGIN SIGN SYSTEMS, INC. ("Plaintiff"), brings this action on behalf of

itself and all other persons similarly situated, through its attorneys, and except as to those

allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal

knowledge, alleges the following upon information and belief against Defendant, XDATA

SOLUTIONS, INC. ("Defendant"):

## PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of faxing unsolicited advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9. Plaintiff is an Illinois corporation.

10. On information and belief, Defendant, XDATA SOLUTIONS, INC., is an Indiana corporation with its principal place of business in Elkhart, Indiana.

## FACTS

11. On or about December 19, 2005, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

2

12.    Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

17.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendant sent unsolicited fax advertisements;

3

(ii)     Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)     Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)     Whether Defendant violated the provisions of 47 USC § 227;

(vi)     Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)     Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)    Whether the Court should award trebled damages.

18.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

4

21.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.     The TCPA provides:

> 3.      Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, .
>>
>> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C)     Both such actions.

23.     The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

24.     Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.     The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.     Defendant knew or should have known that: (A) Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, (B) that Plaintiff and the other class members did not have an established business relationship with Defendant, and (C) that Exhibit A was an advertisement.

5

27.     Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.     Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, TARGIN SIGN SYSTEMS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, XDATA SOLUTIONS, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

6

## COUNT II
## CONVERSION

29. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31. A class action is proper in that:

(a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii) Whether Defendant committed the tort of conversion.

32. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

7

33.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.     By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.     By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37.     Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.     Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

8

40. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, TARGIN SIGN SYSTEMS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, XDATA SOLUTIONS, INC., as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B. That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

### COUNT III
### ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42. In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

9

All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

43. A class action is proper in that:

(a) On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii) Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv) Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v) Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and

10

claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46. Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47. Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48. Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49. Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

11

WHEREFORE, Plaintiff, TARGIN SIGN SYSTEMS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, XDATA SOLUTIONS, INC., as follows:

    A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

    B.     That the Court award damages to Plaintiff and the other class members;

    C.     That the Court award attorney fees and costs;

    D.     That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

    E.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

TARGIN SIGN SYSTEMS, INC., individually and as the representative of a class of similarly-situated persons

By: _____

One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 51306

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Attorney No. 44533

**EXHIBIT A**



MY DEAR, MY WORRYING ABOUT FINDING **GOOD ERP SOFTWARE FOR MY COMPANY** IS RUINING OUR PERFECT EVENING!

SIR, PERHAPS YOU SHOULD TRY THE BEST PROVIDER FOR INTEGRATED SOFTWARE IN INDIANA, **XDATA SOLUTIONS**

MAYBE I SHOULD HAVE MARRIED THE WAITER?

# Xdata Solutions

## 25416 CR 6 – Suite 202
## Elkhart, IN 46514
*www.xdata.com*

# *Integrated Business Solutions*
### *Specializing in*
### *RV's, Campers, Trailers, and Parts Suppliers*

## Software Systems for All Your Needs
Designed, developed, and directed by a management team rich in manufacturing, distribution, accounting, and inventory experience

### ERP & Business Software Center:
★ Solutions for Manufacturing Companies and Distribution Companies
★ Special Answers for Manufacturing Configured Products
★ Industry Specific Solutions for Upholstered Furniture and RV Manufacturing
★ Business Accounting Software

  

    

## For Details, Call **(574) 266-0964**

_____ The above sponsor is not affiliated with, nor endorsed by, any charitable organization _____
**Please Contribute to Reputable American Charities Dedicated to Helping Hurricane Victims**
Advertising stimulates the economy. We will only send faxes to parties who wish to receive them. If you, or someone acting in your behalf, did not request or allow us, our agents, or our customers to send faxes to this number, this message was sent in error, and we apologize. If you do not want to receive charitable advertising or other faxes call (718) 645-2018, Ext 233, twenty four-hours a day, seven days a week or 8009919484, ext 399 to remove your number. (Lines are less busy evenings, nights, and weekends.) If you remove your number, we will never send another fax to this number. If you do not remove your number, it will certify that you give permission to continue to send faxes to this number. This message is the exclusive property of Macaw, SRL, 46 Match Factory St, Sec 5, Buc, Rom, 050183, 40723294564, which is solely responsible for its contents and destinations.
**"Remove" Hotline (718) 645-2018, Ext 233. "Complaint" Hotline (718) 645-2021, Ext 232.**